UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: ROBERT GEORGE BURCHILL, | : | Case No. 12-20061REF |
| Debtor | : | Chapter 7 |

# STATEMENT SUPPORTING ORDER DATED JANUARY 24, 2013 GRANTING RELIEF FROM AUTOMATIC STAY

This Statement is written pursuant to Local Bankruptcy Rule 8001-1(b), which permits me to file an opinion supporting an order that is the subject of an appeal. L.B.R. 8001-1(b) provides that I may file an opinion supporting an appealed order within 14 days after the filing of the appeal. Debtor is an attorney licensed in the Commonwealth of Pennsylvania. Debtor is wholly unfamiliar with bankruptcy law. He filed a Notice of Appeal from my January 24, 2013 Order that was entered and filed on February 5, 2013.

My findings of fact and conclusions of law from a prior Statement are relevant to this matter and are stated below in Part A. The findings of fact and conclusions of law relevant to the present appeal will follow in Part B.

**Part A:** Below are the substantive grounds supporting my entry of the December 11, 2012 Order:

1

1. Debtor, an attorney in Allentown, Pennsylvania (Pa. Atty ID No. 27180), filed his Chapter 7 bankruptcy petition on or about October 26, 2012;

2. Debtor filed a Petition for Allowance of Appeal and/or Consideration under 42 Pa. C.S.A. § 726 [directed to the Pennsylvania Supreme Court], on that same day, October 26, 2012;

3. In his Petition for Allowance, Debtor was attempting to appeal from a judgment of the Pennsylvania Superior Court at Docket No. 1605 EDA 2012, dated September 19, 2012, which affirmed a judgment of the Court of Common Pleas of Lehigh County at Docket No. 2012-C-0055;

4. Upon my sua sponte recognition that the Petition for Allowance sought redress for certain state court decisions, but was filed in this federal venue, I entered an Order To Show Cause Why Pleading [the Petition for Allowance] Should Not Be Dismissed on October 31, 2012;[1]

---

[1] See Rooker-Feldman doctrine, which is based on the principle that "federal ... courts lack jurisdiction over suits that are essentially appeals from state court judgments ...." Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010).

The Rooker-Feldman doctrine applies when:

(1) [T]he federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state court judgments;" (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the [federal] court to review and reject the state court judgments."

2

5. At the November 6, 2012 hearing on the Show Cause Order, Debtor failed to appear to support his filing the state court appeal in this federal court and, through my oral Bench Order, I rejected, denied, and dismissed the state court pleadings from this bankruptcy case;

6. On November 6, 2012, I entered my Order Dismissing State Court Pleadings, through which Order I ratified, restated, and reentered my earlier oral Bench Order and separately rejected, denied, and dismissed the state court pleadings from this bankruptcy case;

7. On November 19, 2012, creditor Wells Fargo Bank, N.A., filed its motion for relief from the automatic stay of Section 362, 11 U.S.C. §362;

8. In its motion for relief from the automatic stay, Wells Fargo alleged the details of its previous efforts to complete its foreclosure on certain property owned by Debtor at 2120 Latta Street, Allentown, Lehigh County, Pennsylvania, as follows:

    a. Debtor was incorrectly identified as Richard Simononis,[2] but was in possession of the 2120 Latta Street property;

---

Id. at 166, citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

[2] Counsel for Wells Fargo appeared to have used a former pleading seeking relief from the automatic stay in another case, but had succumbed to the curse and ease of cutting and pasting by failing to note the typographical error of the name of the debtor.

3

 b. Wells Fargo had become title owner of the 2120 Latta Street premises through a sheriff's sale and a deed recorded on December 21, 2011;

 c. Wells Fargo had initiated ejectment proceedings against Debtor in January 2012, which proceedings Debtor opposed on the record;

 d. Judgment was entered in favor of Wells Fargo and against Debtor in the Lehigh County Court of Common Pleas on May 4, 2012, in the ejectment litigation; and

 e. Debtor's appeal to the Pennsylvania Superior Court was dismissed on August 22, 2012.

9. In part, on the basis of the typographical error in the motion, Debtor claims the motion was confusing and inappropriate and could not fairly have been the grounds for my December 11, 2012 Order;

10. Debtor also points to a letter from Wells Fargo addressed to Richard Simononis at Debtor's 2120 Latta Street address as compounding his alleged confusion;

11. Debtor slept on his rights, however, because he failed to respond to the substantive allegations contained in the Wells Fargo motion

for relief, despite its correct identification of the 2120 Latta Street address of property for which Wells Fargo sought relief from the automatic stay;

12. The official notice prepared by Wells Fargo and served on Debtor at the 2120 Latta Street address correctly identified that Wells Fargo was proceeding against the 2120 Latta Street property;[3]

13. The official notice of the motion was served on Debtor at the 2120 Latta Street address;[4]

14. Debtor filed a partial response to the motion for relief on December 5, 2012, noting the typographical errors and declaring unilaterally that no formal response was therefore due to be filed in opposition to the Wells Fargo motion for relief;

15. Debtor failed to file anything denying the substantive allegations in the motion for relief;

16. In particular, Debtor effectively admitted that Wells Fargo had obtained title to the 2120 Latta Street property and had obtained an order of ejectment for which the appeal periods had expired;

---

[3]     The Notice and the Amended Notice (the latter of which extended the dates set forth in the original Notice for a response and for the hearing on the motion) were both filed on November 19, 2012, and are found on the official Docket in this case as Document Nos. 27 and 28.
[4]     The Certificates of Service are found on the official Docket also as Document Nos. 27 and 28.

5

Case 12-20061-ref    Doc 72    Filed 02/06/13    Entered 02/06/13 11:15:54    Desc Main
Document    Page 6 of 11

17. At the hearing on the Wells Fargo Motion, on December 11, 2012, counsel for Wells Fargo appeared (by telephone) and, on the basis of the unanswered and therefore admitted allegations in the Wells Fargo motion, counsel prayed that relief be granted;[5] and

18. On the basis of the admitted substantive pleadings, I signed Wells Fargo's proposed order, which is the December 11, 2012 Order from which Debtor has now filed his late appeal.

**Part B:** Below are the substantive grounds supporting my entry of the January 24, 2014 Order, many of which are identical to those supporting my December 11, 2012 Order:

19. Debtor, an attorney in Allentown, Pennsylvania (Pa. Atty ID No. 27180), filed his Chapter 7 bankruptcy petition on or about October 26, 2012;

20. On January 4, 2013, creditor Wells Fargo Bank, N.A., filed its renewed motion for relief from the automatic stay of Section 362, 11 U.S.C. §362;

---

[5] First, although Debtor filed a response to the motion, he did not refute, deny, or answer any of the substantive allegations. Second the oral record of the December hearing shows that Debtor was not present and that counsel for Wells Fargo appeared by telephone. Counsel's sole presentation of his case was through the admissions in the pleadings. See Oral Recording, 10:12:24 a.m., through 10:15:00 a.m.

21. Wells Fargo's renewed motion for relief did not have the typographical errors that were in its November 19, 2012 motion for relief;

22. In its motion for relief from the automatic stay, Wells Fargo alleged the details of its previous efforts to complete its foreclosure on certain property owned by Debtor at 2120 Latta Street, Allentown, Lehigh County, Pennsylvania, as follows:

   a. Debtor had been in possession of the 2120 Latta Street property;

   b. Following its entry of judgment against Debtor in state court, Wells Fargo became title owner of the 2120 Latta Street premises through a sheriff's sale on the judgment and a sheriff's deed recorded on December 21, 2011;

   c. Wells Fargo initiated state court ejectment proceedings against Debtor in January 2012, which proceedings Debtor opposed on the record;

   d. The state court entered judgment in the ejectment litigation in favor of Wells Fargo and against Debtor in the Lehigh County Court of Common Pleas on May 4, 2012; and

 e. Debtor's appeal to the Pennsylvania Superior Court was dismissed on August 22, 2012.

23. Debtor failed to deny the substance of the allegations contained in the Wells Fargo renewed motion for relief;

24. Debtor filed a partial response to the renewed motion for relief on January 24, 2013, raising issues attacking the judgments and decisions of the Pennsylvania trial and appellate courts;

25. In the hearing on January 24, 2013, Debtor claimed that he had been defrauded and that the state courts made incorrect ruling and were biased against him;

26. On the basis of my repeated explanations to Debtor that he was trying to collaterally attack state court judgments and decisions and that I lacked jurisdiction to override the state courts, I granted the renewed motion for relief of Wells Fargo through my Order dated January 24, 2013, which is the Order from which Debtor has now filed his appeal;

27. On January 30, 2013, Debtor filed an Application for Reconsideration that I could not understand because it maintained that the January 24, 2013 hearing on Wells Fargo's renewed

motion for relief somehow addressed Debtor's December 28, 2012 appeal of the December 11, 2012 Order; and

28. On January 30, 2013, I entered my Order denying Debtor's application for reconsideration.

Debtor is an attorney licensed in the Commonwealth of Pennsylvania and is therefore held to at least a modicum of knowledge about pleadings, admissions, and hearings. Debtor must have been aware that his failure and refusal to deny the substantive allegations constituted admissions of all such allegations. He continually limited his argument to the unfairness and errors of the state courts in their decisions against him.

The January 24, 2013 Order was entered upon good and proper notice. The January 24, 2013 Order was entered upon good and proper evidence supporting Wells Fargo's motion -- Debtor effectively admitted the substantive allegations about the status of the state court litigation, all of which had been determined adversely to Debtor. Debtor limited his presentation and arguments on January 24, 2013 to his attacks on the state court decisions, claiming that they were biased against him. See Oral Recording of hearing at 10:18:13 – 10:18:31.

Because Debtor effectively admitted all of the critical allegations in the motion against him, and because Debtor's appeal lacks worth on the merits, I submit this Statement in support of my Order dated January 24, 2013.

On January 4, 2013, Wells Fargo also filed a motion to vacate the December 11, 2012 Order. I lacked jurisdiction to consider the motion to vacate the December 11, 2012 Order. Debtor's appeal from the December 11, 2012 Order may very well divest me of jurisdiction and power to address the motion to vacate, as practical as vacating the Order and starting all over might be. Doran v. Courtright, (In re Advanced Electronics, Inc.), 283 Fed. Appx. 959, 964-65 (3d Cir. 2008); In re Butcher Boy Meat Market, Inc., 10 B.R. 258, 259 (Bankr. E.D. Pa. 1981)(citations omitted).

During the course of the January 24, 2013 hearing on the renewed motion for relief and the motion to vacate, Debtor made a very telling comment. We (both counsel and I) were discussing the possible voluntary withdrawal of the December 28, 2012 appeal, followed by my grant of the motion to vacate the December 11, 2012 Order, eliminating that obstacle (based solely upon typographical errors) to deal with the issues on the merits. Debtor remarked that he did not see any advantage in vacating the December 11, 2012 Order from which he had appealed. See Oral Recording of hearing at 10:11:07 – 10:12:17. Debtor is filing the appeals of my decisions solely to help himself by buying time.

At the January 24, 2013 hearing, I went to great lengths to educate Debtor (an attorney) about this matter.[6] I explained in detail the three reasons I

---

[6] I incorporate by reference into this Statement the findings, conclusions, discussion, and explanations from the January 24, 2013 hearing.

10

was granting relief: (1) Allowing Wells Fargo to defend itself in the state court litigation that Debtor was advancing; (2) factual and legal arguments were raised in state court against Debtor; and (3) lack of jurisdiction to hear an appeal of the state court decisions. See Oral Recording of hearing at 10:10:10 – 10:10:55 (summarizing the three reasons).

I must point out in this Statement my belief that Debtor has absolutely no legitimate legal or factual grounds to support an appeal of the January 24, 2013 Order. Debtor may squeal about his "citizens' rights," but I am convinced that his appeal filed on February 5, 2013, is wholly frivolous.

I file this Statement supporting my January 24, 2013 Order granting Wells Fargo's renewed motion for relief.

Date: February 6, 2013                        BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge